**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                    **CAUSE NO. 3:14-cr-87-HTW-FKB-3**

**ROBERT HENRY RICE**

---

**ROBERT HENRY RICE'S RESPONSE AND OBJECTION TO**
**GOVERNMENT'S MOTION FOR JURY QUESTIONNAIRE**

---

COMES NOW, Defendant Robert Henry Rice, by and through counsel, and files this Response and Objection to Government's Motion for Jury Questionnaire.[1]  In support of the Response and Objection, Mr. Rice would state the following:

1.      Defendants are charged in an eight count Indictment with various crimes allegedly committed on the basis of race in the Jackson, Mississippi area.  *See* Docket No. 5.

2.      This matter is set for jury trial on January 26, 2015.

3.      On November 19, 2014, the Government filed a Motion for Jury Questionnaire, requesting that the Court provide a questionnaire to the prospective jurors.  The Government attached a proposed questionnaire consisting of ninety-one (91) numbered questions, with numerous additional follow-up questions.

4.      However, Mr. Rice objects to the Government's request to submit the proposed questionnaire to the prospective jurors.

5.      First, Rule 24(a)(1) of the Federal Rules of Civil Procedure provides for the voir dire of prospective jurors, providing that "[t]he court may examine prospective jurors or may permit the attorneys for the parties to do so."  In conjunction with this, Rule 24(a)(2) provides

---

[1]  It is pertinent to note that Mr. Rice does not object to individual voir dire of potential jurors, provided a need is demonstrated during general voir dire and provided it is not accomplished *via* the proposed jury questionnaire.

that "[i]f the court examines the jurors, it must permit the attorneys for the parties to:  (A) ask further questions that the court considers proper; or (B) submit further questions that the court may ask if it considers them proper."  Finally, Rule 43 provides that "the defendant must be present at: . . . every trial stage, **including jury impanelment**, and the return of the verdict . . . ." (emphasis added).  Simply put, the Federal Rules of Criminal Procedure provide an adequate procedure for voir dire of the prospective jurors, which does not require any type of questionnaire.  Mr. Rice respectfully submits that simply allowing the Court and the attorneys for the parties to conduct voir dire, in open court and with the Defendants present, will provide the most expeditious and fair manner of jury selection for the instant case.

6.     In addition to the foregoing, Mr. Rice has objections to procedural and substantive aspects of the proposed questionnaire such that even if the Court were inclined to use a questionnaire, the proposed questionnaire is inappropriate for the instant case.

7.     First, the proposed questionnaire is too long, constituting 91 questions, each with additional subparts, and covering thirty (30) pages, constituting an undue burden on the prospective jurors, the Court and the parties.  In fact, Mr. Rice submits that the proposed questionnaire will not save the Court or the parties any significant time or expedite voir dire, despite the Government's assertions to the contrary.  The Court is likely to experience a substantial administrative burden in copying and circulating the questionnaire to the prospective jurors and circulating the completed questionnaires among all counsel.  Similarly, reviewing the completed questionnaire, given its length, will be extremely time consuming for the parties, counsel and the Court, and the jury selection process with the questionnaire will likely be as long as the jury selection process without the questionnaire, due to the need to ask extensive follow-up questions regarding the responses to the questions therein.  Finally, the use of the

questionnaire will deny the parties valuable information conveyed by examining the jurors' demeanor as they orally respond the Court's or the parties' questions.

8.     Moreover, the Government appears to have drafted the proposed questionnaire in an effort to articulate the prosecution's theories and themes rather than identify unqualified jurors and, therefore, should not be given the Court's imprimatur.  *See* Questions (attached as Exhibit A to Docket No. 75).  Some of the questions are unduly intrusive, with arguably no inherent relationship to the task of choosing a fair and unbiased jury.  *Id.*  The purpose of voir die is to identify potentially biased or unqualified jurors and to enable the parties to exercise their challenges intelligently, not to permit the parties to advance their theories of the case and improperly taint the prospective jurors.

9.     In sum, the Government's proposed questionnaire creates unnecessary problems, while adding nothing that cannot be accomplished as expeditiously and fairly by using the procedures provided for in Rules 24 and 43 of the Federal Rules of Criminal Procedure and administering a standard voir dire consisting of oral questions and answers, conducted in open court in the presence of Defendants.

10.     Accordingly, Mr. Rice respectfully submits that the Government's Motion for a Jury Questionnaire should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Robert Henry Rice respectfully requests that this Honorable Court deny the Government's Motion for Jury Questionnaire

Respectfully submitted, this the 3rd day of December, 2014.

McCraney, Coco & Lee, PLLC

/s/ Lawrence M. Coco, III
Lawrence M. Coco, III (MSB#100378)

On behalf of Robert Henry Rice

OF COUNSEL

Lawrence M. Coco, III
T. Stewart Lee, Jr.
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone:  601.899.0065
Facsimile:  866.733.2008
Email:  lawrence@mclpllc.com

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence M. Coco, III do hereby certify that I have this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 3rd day of December, 2014.

/s/ Lawrence M. Coco, III
_____
Lawrence M. Coco, III