**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                              **CAUSE NO. 3:14-cr-87-HTW-FKB-3**

**ROBERT HENRY RICE**

---

**MOTION FOR PRODUCTION OF DISCOVERY**

---

COMES NOW, Defendant Robert Henry Rice, by and through counsel, and files this Motion for Production of Discovery, pursuant to Rule 16 of the Federal Rules of Criminal Procedure. In support of the Motion, Mr. Rice would state the following:

1. Mr. Rice is charged in Counts 1, 3, 4 and 6 of the Indictment with various charges related to hate crimes allegedly committed in the Jackson, Mississippi area in 2011. *See* Docket No. 5.

2. The Court entered a Discovery Order, which provided, among other things, that the parties were to exchange discovery on or before August 18, 2014.

3. Thereafter, on or about August 12, 2014, the Government provided the parties with its first installment of discovery, consisting of documents, photographs, audio recordings and video recordings, as well as including over ninety (90) 302 Reports of the agents from the Federal Bureau of Investigation, detailing their interviews with approximately sixty (60) witnesses. Several of these 302 Reports deal directly with statements allegedly made by Mr. Rice, which will presumably be used during trial of this matter. However, the 302 Reports redact almost all of the contact information for the witnesses, deleting addresses and telephone numbers. This discovery, which is numbered US-000003 to US-021082, with some intentional

gaps, contains thousands of pages of discovery covering, upon information and belief, a three (3) year investigation into the events that are the subject of the Indictment.

4. Importantly, in the letter accompanying the first installment of discovery, the Government made the representation that "we will continue to provide additional installments of discoverable evidence between now and trial." *See* Correspondence dated August 11, 2014.[1]

5. Thereafter, on November 21, 2014, the Government produced additional discovery, including 383 audio recordings of telephone calls involving Deryl Dedmon, Jonathan Gaskamp and John Aaron Rice, which constitute approximately 100 hours of recorded time. The Government also produced 1,229 additional documents requiring review, pertaining to the cell phones of William Kirk Montgomery and John Aaron Rice. Importantly, the foregoing discovery is dated between July, 2011 and January, 2013.

6. Again, in the correspondence accompanying this new discovery, the Government made the representation that "we will continue to provide additional installments of discoverable evidence between now and trial." *See* Correspondence dated November 21, 2014.

7. Accordingly, given that the Government continues to represent that additional "installments" of discovery are forthcoming and given that the Government continues to provide such installments, Mr. Rice files the instant Motion requesting that the Court order the immediate production of any additional installments of discovery that are being withheld by the Government. This relief is of particular importance given that the most recent discovery production contained documents and audio recordings that the Government has had in its possession for almost a year or longer and will require over one hundred hours to review.

---

[1] Given the discovery order, requiring discovery to be kept confidential except during pre-trial hearings or trial, any documents cited in support of the instant Motion will not be attached but shall be presented during the hearing of this matter.

8. Additionally, Mr. Rice requests that the Court order the production of the FBI agents' notes, summations, tapes, recordings, transcripts or any other documents or things underlying the 302 Reports produced by the Government, particularly the notes underlying the 302 Reports related to Mr. Rice. Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure provides that the Government must "disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knows was a governmental agent if the government intends to use the statement at trial." In interpreting the foregoing rule, the Fifth Circuit and district courts in this circuit have held that the notes and other documents underlying a 302 Report are discoverable if the 302 Report does not accurately summarize the agent's notes. *See U.S. v. Case*, 2008 WL 1958176, *2 (S.D. Miss. Apr. 25, 2008) (ordering FBI agent's handwritten notes produced after review indicated that 302 report did not accurately summarize such notes) (citing *United States v. Brown*, 303 F.3d 582 (5th Cir. 2002)). Accordingly, Defendant respectfully requests that the Court order the Government to produce all of the FBI notes, summations, tapes, recordings, transcripts or any other documents or things underlying the 302 Reports, particularly as such notes relate to Mr. Rice, so that a determination can be made whether the 302 Reports accurately summarize the particular agent's notes.[2]

9. Finally, Mr. Rice requests that the Court order the production of the telephone numbers and addresses of the witnesses contained in the 302 Reports. Obviously, such information will assist Mr. Rice's and undersigned counsel's efforts in locating and interviewing the witnesses that are the subject of the 302 Reports.

---

[2] At the very least, Mr. Rice requests that the notes be produced to the Court, *in camera*, to allow the Court to determine if such notes are discoverable.

10. It is pertinent to note that given the forgoing discovery issues, Mr. Rice and undersigned counsel's investigation and trial preparation have been hampered. Accordingly, Mr. Rice is contemporaneously filing a motion for a continuance of the current trial setting, as well as the non-dispositive and dispositive motion deadlines. The requested continuance is premised, in part, on the fact that the Government continues to represent that additional "installments" of discovery will be forthcoming.

WHEREFORE, PREMISES CONSIDERED, Defendant Robert Henry Rice moves this Honorable Court to grant this Motion for Production of Discovery, thereby requiring the Government to produce all of the "installments" of discovery currently in its possession; the FBI agent notes, summations, tapes, recordings, transcripts or any other documents or things underlying the 302 Reports previously produced in discovery; and the redacted telephone numbers and addresses from the 302 Reports.

Respectfully submitted, this the 8th day of December, 2014.

        McCraney, Coco & Lee, PLLC

        /s/ Lawrence M. Coco, III
        Lawrence M. Coco, III (MSB#100378)

        On behalf of Robert Henry Rice

OF COUNSEL

Lawrence M. Coco, III
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone: 601.899.0065
Facsimile: 866.733.2008
Email: lawrence@mclpllc.com

**CERTIFICATE OF SERVICE**

I, Lawrence M. Coco, III do hereby certify that I have this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 8th day of December, 2014.

/s/ Lawrence M. Coco, III
_____
Lawrence M. Coco, III