**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

vs.  CAUSE NO. 3:14-cr-87-HTW-FKB-3

**ROBERT HENRY RICE**

**DEFENDANT ROBERT HENRY RICE'S
MOTION TO SEVER**

COMES NOW, Defendant Robert Henry Rice, by and through counsel, and files this Motion to Sever pursuant to Rule 14 of the Federal Rules of Criminal Procedure. In support of the Motion, Mr. Rice would state the following:

1. On May 14, 2014, the grand jury handed down an Indictment charging Mr. Rice and John Louis Blalack, Sarah Adelia Graves, and Shelbie Brook Richards with various charges related to hate crimes allegedly committed in the Jackson, Mississippi area in 2011, which allegedly included the death of an African American man, designated as J.A in the Indictment, on June 26, 2011. *See* Docket No. 5. Count 1 of the Indictment charges all Defendants with a general conspiracy to commit hate crimes in violation of 18 U.S.C. § 371. However, Count 2 charges only Mr. Blalack, Ms. Graves and Ms. Richards with an alleged hate crime resulting in the death of J.A., in violation of 18 U.S.C. § 249(a)(1). Mr. Rice is **not** charged in Count 2. Count 3 and 4 charge Mr. Blalack and Mr. Rice with alleged hate crimes resulting in actual and attempted bodily injury, in violation of 18 U.S.C. § 249(a)(1). Count 5 charges Mr. Blalack with an alleged hate crime resulting in actual and attempted bodily injury, in violation of 18 U.S.C. § 249(a)(1). Count 6 charges Mr. Blalack and Mr. Rice with allegedly using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Count 7 charges Ms.

Graves and Ms. Richards with allegedly soliciting the commission of a hate crime, in violation of 18 U.S.C. § 373. Finally, Count 8 charges Ms. Graves with allegedly making a false statement to agents of the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001(a)(2).

2.  This case is currently set for trial on January 26, 2015. *See* Docket No. 73. Depending on the criminal history of Mr. Rice and the results at trial, the maximum penalties for the foregoing offenses could result in thirty (30) years in prison, as well as the potential for significant fines and a term of up to five (5) years of supervised release.

3.  Count 2 of the Indictment forms the basis of the instant Motion to Sever because this Count alleges that Mr. Blalack, Ms. Graves and Ms. Richards were involved in the death of J.A. However, Count 2 does not involve Mr. Rice in any manner, as it is undisputed that he was not present in Jackson, Mississippi at the time of J.A.'s death. Accordingly, Mr. Rice respectfully submits that he should be severed from this criminal action and all charges against him should be tried in a separate trial.

4.  Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Fifth Circuit has recognized and applied this Rule, stating "that circumstances may be presented where the prejudice to a defendant from joinder with a co-defendant(s) in a joint trial overrules the interest in judicial economy." *United States v. McRae*, 702 F.3d 806, 821-22 (5th Cir. 2012). Specifically, as is applicable to the instant case, "[t]he court should . . . consider whether some defendants may be unduly prejudiced by harmful "spill-over" of evidence against other defendants." *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir.

1986). Mr. Rice respectfully submits that based on the foregoing rules and authority, this case warrants severance.

5. Obviously, the death of J.A. is the most serious allegation against any of the Defendants in this criminal action, and the evidence likely submitted in support of such charge will be inflammatory and prejudicial to Mr. Rice, given that he was not present on the night of J.A.'s death and is not charged in Count 2 pertaining to J.A.'s death. Specifically, significant discovery was produced by the Government regarding the night of J.A.'s death, and the circumstances surrounding same, including a video recording of the incident, medical photographs, investigative reports, and various other documents that have no relevance to Mr. Rice. However, this possible evidence, if submitted, would be enormously prejudicial to Mr. Rice and prevent him from securing a fair trial in this matter. Accordingly, Mr. Rice respectfully submits that he should be severed from the other Defendants in the instant Indictment and provided a separate trial. The Fifth Circuit has held that severance was appropriate in similar circumstances to the instant case.

6. First, in *United States v. Case*, the Fifth Circuit recently reversed a trial court's denial of a motion to sever, holding that the failure to sever required a new trial of a defendant's conviction. 702 F.3d at 806, 822-828 (5th Cir. 2012). Specifically, *Case* involved wrongful conduct by the police during Hurricane Katrina in New Orleans. *Id.* at 813-28. Specifically, a New Orleans Police Officer allegedly shot a man without cause during looting of a shopping center. *Id.* at 813-14. Thereafter, the man who was shot was taken to a temporary base at a school, where two other New Orleans Police Officers allegedly covered up the evidence of the shooting and burned the body of the man who was shot, without any involvement of the first police officer. *Id.* at 817-18. The first police officer repeatedly requested, before, during and

after trial, for a severance from the police officers that covered up the shooting and burned the body. *Id.* at 822. The trial court denied these motions to sever. *Id.* However, the Fifth Circuit reversed, holding that the first police officer was prejudiced by the trial of all of the officers together. *Id.* at 822-828. In reaching its ruling, the Fifth Circuit cited the fact that the first officer was not involved in the cover up and burning; that he had to endure a much longer trial, including a significant amount of evidence that would not have been admissible against him had he been tried alone; and, most compelling, that evidence in the form of photographs of the burning and testimony from the victim's family, which were highly inflammatory and prejudicial during trial. *Id.* Finally, the Court ruled that a limiting instruction could not eliminate the prejudice created by the joint trial. *Id.* Accordingly, the Court held that the trials should have been severed. *Id.* Obviously, the similarities between *Case* and the instant case are striking. As with the police officer, Mr. Rice was not present on the night J.A. died and had no involvement in such charges whatsoever; the evidence pertaining to the night J.A. died will likely be irrelevant to Mr. Rice, and such evidence will be highly prejudicial to Mr. Rice as the jury may impute the allegations against the other Defendants onto Mr. Rice.

7. Similarly, in *United States v. Cortinas*, the Fifth Circuit reversed a trial court's decision to deny two defendants' request to be severed from other defendants indicted based on charges of a drug conspiracy. 142 F.3d 242 (5th Cir. 1998). The drug conspiracy allegedly spanned several years and, during the later years, involved a violent motorcycle gang. *Id.* at 246. Prior to trial, two of the defendants filed a motion to sever, despite the conspiracy charge, contending that they had withdrawn from the conspiracy prior to the involvement of the motorcycle gang; therefore, the evidence to be presented at trial involving such gang would be unfairly prejudicial, requiring severance. *Id.* at 248. The trial court denied the motion, and the

4

Fifth Circuit reversed. *Id.* Specifically, the Fifth Circuit held that the severance should have been granted because the moving defendants had left the conspiracy prior to the involvement of the motorcycle gang and "the limiting instructions given by the trial judge were inadequate to mitigate the prejudicial effect of the overwhelming testimony regarding the violent, criminal activities of the [gang]." *Id.* Again, *Cortinas* is analogous to the instant case in that Mr. Rice, while charged with a conspiracy with the other Defendants, was not involved in the alleged actions of the other Defendants leading to J.A.'s death, which occurred after any of Mr. Rice's alleged involvement in the conspiracy. In fact, in Count 1 dealing with conspiracy, there exists a section dealing with the death of J.A.; however, within this section, there exists no substantive allegation that Mr. Rice was involved in J.A.'s death in any manner. Again, the possible evidence regarding J.A.'s death, as provided in discovery, would unfairly prejudice Mr. Rice if he is tried with the other Defendants, thereby warranting severance.

8. Finally, in *United States v. Erwin*, the Fifth Circuit reversed a trial court's decision to deny a motion to sever as it related to a defendant that was charged in an indictment involving a drug conspiracy. Specifically, the Fifth Circuit held that a defendant should be severed despite the fact that her perjury charge stemmed from charges involving the drug conspiracy. Specifically, the Fifth Circuit held that "[a]s the trial progressed, it became increasingly apparent that very little of the mountainous evidence was usable against her, and almost none of it applied directly. The prejudice she suffered from the joint trial, then, far outweighed any benefit of judicial economy." *Id.* at 666. As indicated previously, much of the discovery materials provided by the Government pertain directly to the night that J.A. died, which is simply inapplicable to Mr. Rice, who was not present that night and is not charged in

the Count directly pertaining to J.A.'s death.  Therefore, for the reasons articulated in *Erwin*, Mr. Rice is similarly entitled to severance.

9.  In sum, Mr. Rice respectfully submits that the fact that he is not charged in Count 2 of the Indictment, pertaining to the allegations involving the death of J.A., necessitates the severance of Mr. Rice from the trial of the other Defendants.  Accordingly, Mr. Rice respectfully requests that the instant Motion to Sever be granted, and the Court order the separate trial of Mr. Rice.

10.  This Motion to Sever is not filed to unduly delay or prejudice the prosecution of this case.  Instead, counsel for Mr. Rice files this Motion in good faith and in an attempt to ensure that Mr. Rice receives a fair trial in this matter.  The relief requested is particularly warranted when the Court considers the potential severity of the punishments for the charged crimes.

WHEREFORE, PREMISES CONSIDERED, Defendant Robert Henry Rice moves this Honorable Court to grant this Motion to Sever and order the separate trial of Robert Henry Rice.

Respectfully submitted, this the 8th day of December, 2014.

    McCraney, Coco & Lee, PLLC

    /s/ Lawrence M. Coco, III
    Lawrence M. Coco, III (MSB#100378)

    On behalf of Robert Henry Rice

OF COUNSEL

Lawrence M. Coco, III
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone:  601.899.0065
Facsimile:  866.733.2008
Email:  lawrence@mclpllc.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Coco, III do hereby certify that I have this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 8th day of December, 2014.

/s/ Lawrence M. Coco, III
_____
Lawrence M. Coco, III