# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

vs.                                                **CAUSE NO. 3:14-cr-87-HTW-FKB-3**

**ROBERT HENRY RICE**

## DEFENDANT ROBERT HENRY RICE'S
## MOTION IN LIMINE

COMES NOW, Defendant Robert Henry Rice, by and through counsel, and files this Motion in Limine to exclude any evidence related to the death of J.A. or the acts of any other Defendants related to the alleged hate crimes asserted in the Indictment, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence. In support of the Motion, Mr. Rice would state the following:

1. On May 14, 2014, the grand jury handed down an Indictment charging Mr. Rice and John Louis Blalack, Sarah Adelia Graves, and Shelbie Brook Richards with various charges related to hate crimes allegedly committed in the Jackson, Mississippi area in 2011, which allegedly included the death of an African American man, designated as J.A. in the Indictment, on June 26, 2011. *See* Docket No. 5. Count 1 of the Indictment charges all Defendants with a general conspiracy to commit hate crimes in violation of 18 U.S.C. § 371. Importantly, in Count 1, there is a specific section detailing the death of J.A.; however, in this section Mr. Rice is not alleged to have committed any acts whatsoever. Count 2 charges only Mr. Blalack, Ms. Graves and Ms. Richards with a hate crime resulting in the death of J.A., in violation of 18 U.S.C. § 249(a)(1). Mr. Rice is not charged in Count 2. Count 3 and 4 charge Mr. Blalack and Mr. Rice with alleged hate crimes resulting in actual and attempted bodily injury, in violation of 18 U.S.C.

§ 249(a)(1). Count 5 charges Mr. Blalack with an alleged hate crime resulting in actual and attempted bodily injury, in violation of 18 U.S.C. § 249(a)(1). Mr. Rice is not charged in County 5. Count 6 charges Mr. Blalack and Mr. Rice with allegedly using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Count 7 charges Ms. Graves and Ms. Richards with allegedly soliciting the commission of a hate crime, in violation of 18 U.S.C. § 373. Mr. Rice is not charged in Count 7. Finally, Count 8 charges Ms. Graves with allegedly making a false statement to agents of the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001(a)(2). Mr. Rice is not charged in Count 8.

2. This case is currently set for trial on January 26, 2015. *See* Docket No. 73. Depending on the criminal history of Mr. Rice and the results at trial, the maximum penalties for the foregoing offenses could result in thirty (30) years in prison, as well as the potential for significant fines and a term of up to five (5) years of supervised release.

3. Counts 1, 2, 5, 7 and 8 are the basis of the instant Motion in Limine. First, Counts 1 and 2 allege that Mr. Blalack, Ms. Graves and Ms. Richards were involved in the death of J.A. However, Counts 1 and 2 do not alleged that Mr. Rice was involved in the death of J.A. in any substantive manner, as it is undisputed that he was not present in Jackson, Mississippi at the time of J.A.'s death. Accordingly, Mr. Rice respectfully submits that any evidence pertaining to the death of J.A. should be excluded from evidence presented against Mr. Rice during trial of this matter. Similarly, Count 5 involves an alleged hate crime that did not involve Mr. Rice in any manner, as he was not present for such incident. Therefore, any evidence associated with Count 5 should be excluded from the evidence presented against Mr. Rice during trial of this matter. Finally, Mr. Rice is not charged with soliciting a hate crime or lying to FBI, as is alleged in Counts 7 and 8, respectfully. Accordingly, any evidence associated with such Counts should be

excluded from the evidence presented against Mr. Rice during trial of this matter. All of the foregoing evidence should be excluded because it is irrelevant to the charges against Mr. Rice in this matter. *See* Fed. R. Evid. 401 & 402. However, even if the foregoing evidence is deemed relevant, such evidence still should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. *See* Fed. R. Evid. 403.

4. Obviously, the relief requested in the foregoing Motion in Limine will not be equally applicable to the other Defendants in this action, making the requested exclusion a practical impossibility in a joined trial of all Defendants. Accordingly, contemporaneous with the instant Motion in Limine, Mr. Rice is filing a Motion to Sever, requesting a separate trial for Mr. Rice in this matter.

5. Again, the relief requested is directly supported by Rules 401, 402 and 403 of the Federal Rules of Evidence. Specifically, Rule 401 provides that evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence and . . . the fact is of consequence in determining the action." Moreover, Rule 402 provides that "irrelevant evidence is not admissible." Finally, Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Mr. Rice respectfully submits that based on the foregoing Rules, the requested exclusion of evidence should be granted.

6. First, the death of J.A. is the most serious charge against any of the Defendants in this criminal action, and the evidence likely submitted in support of such charge will be irrelevant, as well as inflammatory and unfairly prejudicial, to Mr. Rice because he was not present on the night of J.A.'s death and is not charged in Counts 1 or 2 with any substantive

allegations pertaining to J.A.'s death. Specifically, significant discovery was produced by the Government regarding the night of J.A.'s death, and the circumstances surrounding same, including a video recording of the incident, medical photographs, investigative reports, and various other documents that have absolutely no relevance to Mr. Rice. Mr. Rice was not present on the night J.A. died. Moreover, even if such evidence was deemed relevant, such evidence would run afoul of Rule 403, in that any probative value of such evidence, if submitted, would be substantially outweighed by the danger of unfair prejudice to Mr. Rice, and the potential to confuse the issues and mislead the jury, thereby preventing Mr. Rice from securing a fair trial in this matter. Simply put, the jury could impute some of the purported evidence associated with the death of J.A. onto Mr. Rice, notwithstanding the fact that Mr. Rice was not even in the Jackson area when J.A. died. Accordingly, Mr. Rice respectfully submits that any evidence associated with the death of J.A. should be excluded from any evidence submitted against Mr. Rice during trial of this matter.

7. Similarly, and for the same reasons, any evidence submitted against Mr. Blalack in Count 5 regarding alleged hate crimes, any evidence submitted against Ms. Graves and Ms. Richards in County 7 for alleged solicitation, and any evidence submitted against Ms. Graves for allegedly lying to the FBI in Count 8, should be excluded. As stated in the preceding paragraph, such evidence is irrelevant to Mr. Rice as Mr. Rice was not present when any of such alleged actions occurred and he is not charged in any of the corresponding Counts. Moreover, even if such evidence were somehow relevant, the evidence would be inadmissible because any probative value of the evidence would be substantially outweighed by the obvious danger of unfair prejudice, confusion of the issues and the potential to mislead the jury. Again, the Court should not allow any purported evidence pertaining to other Defendants to be imputed to Mr.

Rice during trial of this matter. This is particularly true given the inflammatory and sensitive nature of the charges raised in the instant Indictment.

8. In sum, Mr. Rice respectfully submits that the Court exclude any evidence related to the death of J.A. in Counts 1 and 2, and any evidence related to Counts 5, 7 and 8 against him during trial of this matter. Again, given that the foregoing relief constitutes a practical impossibility in a joined trial of all Defendants, Mr. Rice is filing a Motion to Sever contemporaneous with the instant Motion, requesting a separate trial for Mr. Rice in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant Robert Henry Rice moves this Honorable Court to grant this Motion in Limine and order all of the relief requested herein.

Respectfully submitted, this the 8th day of December, 2014.

                                                 McCraney, Coco & Lee, PLLC

                                                 /s/ Lawrence M. Coco, III
                                                 Lawrence M. Coco, III (MSB#100378)

                                                 On behalf of Robert Henry Rice

OF COUNSEL

Lawrence M. Coco, III
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone: 601.899.0065
Facsimile: 866.733.2008
Email: lawrence@mclpllc.com

**CERTIFICATE OF SERVICE**

I, Lawrence M. Coco, III do hereby certify that I have this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 8th day of December, 2014.

/s/ Lawrence M. Coco, III
_____
Lawrence M. Coco, III