**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                    **CAUSE NO. 3:14-cr-87-HTW-FKB-3**

**ROBERT HENRY RICE**

---

**DEFENDANT ROBERT HENRY RICE'S**
**MOTION FOR SUPPRESSION OF STATEMENTS**

---

COMES NOW, Defendant Robert Henry Rice, by and through counsel, and files this Motion for Suppression of Statements, pursuant to the Fifth Amendment of the United States Constitution.[1] In support of the Motion, Mr. Rice would state the following:

1.  On May 14, 2014, Mr. Rice was charged in an Indictment with various counts related to hate crimes allegedly committed in the Jackson, Mississippi area. *See* Docket No. 5.

2.  The investigation into the alleged hate crimes began after the death of an African American man, designated J.A. in the Indictment, on June 26, 2011. After this incident, the Federal Bureau of Investigation, along with the United States Department of Justice – Civil Rights Division, began an investigation into alleged hate crimes. Between June, 2011 and September 2011, several witnesses were interviewed which allegedly implicated Mr. Rice in the alleged hate crimes. Accordingly, at the earliest part of its investigation, the FBI knew that Mr. Rice was a target in such investigation.

3.  Accordingly, pursuant to its investigation, the FBI interviewed Mr. Rice on two occasions, September 7, 2011, and September 14, 2012, during which Mr. Rice allegedly made several statements. These alleged statements were documented in two FBI 302 Reports.

---

[1] Due to the requirements related to the disclosure of discovery documents, as well as the sensitive nature of this case, any documents supporting the arguments herein will be presented to the Court during hearing of this matter.

However, none of these alleged statements were made "voluntarily" as required by the Fifth Amendment to the United States Constitution; therefore, such statements should be suppressed.

4. Again, both alleged statements were made at times that the FBI knew that Mr. Rice was a target for the investigation into the alleged hate crimes; however, the FBI never informed Mr. Rice of such fact, never advised him of his right not to self-incriminate himself and never advised him of his right to counsel before making the statements. In fact, prior to the alleged statement procured on September 14, 2012, the FBI was in possession of a "target letter" drafted by the United States Department of Justice – Civil Rights Division, which was dated September 13, 2012, and marked for hand delivery. However, the FBI did not provide the target letter to Mr. Rice until after they took his alleged statement on September 14, 2012, as documented in the 302 Report generated for such alleged statement. Importantly, this target letter, which, again, was dated one day prior to the interview with Mr. Rice and marked for hand-delivery, made clear that Mr. Rice was under investigation and referenced his need for an attorney on ten (10) different occasions in the letter. *See* Target Letter, dated September 13, 2012, designated for hand delivery. Accordingly, given that Mr. Rice was never informed of the circumstances surrounding the interviews by the FBI, the consequences for such statements, his Fifth Amendment right to not incriminate himself, or his right to counsel, any alleged statements provided on September 7, 2011, or September 14, 2012, must be considered involuntary and subject to suppression.

5. The foregoing conclusion is supported by the applicable authority for suppression of statements in the above circumstances. Specifically, "'only voluntary confessions may be admitted at the trial of guilt or innocence.'" *United States v. Swint*, 15 F.3d 286, 288-89 (3rd Cir. 1994) (quoting *Lego v. Twomey*, 404 U.S. 477, 478, 92 S. Ct. 619, 621 (1972)). "The applicable

standard for determining whether a confession is voluntary is whether, taking into consideration the totality of the circumstances, the statement is the product of the accused's free and rational choice." *United States v. Rogers*, 906 F.2d 189, 190 (5th Cir. 1990) (internal quotes omitted) (citing *Greenwald v. Wisconsin*, 390 U.S. 519, 521, 88 S.Ct. 1152, 1154, 20 L.Ed. 77, 79 (1968)). "A statement is not 'compelled' within the meaning of the Fifth Amendment if an individual 'voluntarily, knowingly and intelligently' waives his constitutional privilege." *Rogers*, 906 F.2d at 190-91 (quoting *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966)). The inquiry into whether this constitutional right is waived, *i.e.* the confession is not voluntary, has two parts. "First, the relinquishment of the right must have been voluntary in the sense that it was a product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Rogers*, 906 F.2d at 191 (quoting *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986)). Importantly, "[t]he Supreme Court has recognized that noncustodial interrogation, may 'by virtue of some special circumstances be characterized as [involuntary].'" *Swint*, 15 F.3d at 289 (brackets in *Swint*) (quoting *Beckwith v. United States*, 425 U.S. 341, 347-48, 96 S.Ct. 1612, 1617, 48 L.Ed.2d 1 (1976)). Accordingly, in the instant case, the Government bears the burden of proving by a preponderance of the evidence that Mr. Rice's alleged statements were voluntary. *Rogers*, 906 F.2d at 190; *Swint* 15 F.3d 289. However, the Government cannot meet this burden.

6. Again, the FBI interviewed Mr. Rice on two occasions, September 7, 2011, and September 14, 2012, during which Mr. Rice allegedly made several statements. However, both of Mr. Rice's alleged statements were made at times that the FBI knew that Mr. Rice was under

3

investigation for alleged hate crimes. Notwithstanding this, the FBI never informed Mr. Rice that he was a target in the investigation, the potential consequences of his statements or advised him of his right not to incriminate himself or his right to counsel before making the alleged statements. In the 302 Report pertaining to the September 7, 2011 interview, the FBI documents that Mr. Rice was "advised of the identity of the interviewing Agents and the nature of the inquiry." However there is no mention that Mr. Rice was informed that he may be a target of the investigation, that he could be incriminating himself or that he may need an attorney, notwithstanding the fact that the FBI knew these things to be true.

7. Importantly, the foregoing deceptive acts were confirmed in the FBI's actions preceding the alleged statement procured on September 14, 2012, during which the FBI was in possession of a "target letter" drafted by the United States Department of Justice – Civil Rights Division, which was dated September 13, 2012, and marked for hand delivery. However, the FBI did not provide the target letter to Mr. Rice until after they took his alleged statement on September 14, 2012, as documented in the 302 Report generated for such alleged statements. Importantly, this target letter, which, again, was dated one day prior to the interview and marked for hand-delivery, made clear that Mr. Rice was under investigation and referenced his need for an attorney on ten (10) different occasions in the text of the letter.

8. Accordingly, given that Mr. Rice was never informed of the circumstances surrounding his interviews with the FBI, the consequences of his alleged statements or his right not to incriminate himself or his right to counsel, any alleged statements provided on September 7, 2011, or September 14, 2012, must be considered involuntary and should be suppressed. The foregoing conclusion is directly support by a holding by the Fifth Circuit in *United States v. Rogers*, 906 F.2d 189 (5th Cir. 1990).

9. In *United States v. Rogers*, a defendant was investigated on gun charges. 906 F.2d at 190. In the course of the investigation, two federal officers obtained statements from defendant that were incriminating. *Id.* However, the Fifth Circuit held that the manner in which the statements were obtained rendered the statements involuntary for purposes of the Fifth Amendment. *Id.* at 192. Specifically, the defendant was summoned to the local sheriff's department to purportedly discuss the theft of some firearms by a third party; however, unbeknownst to defendant, he was a target of an investigation on gun charges. *Id.* When arriving at the sheriff's department, the defendant was interviewed by two federal officers and was given *Miranda* warnings; however, defendant was still not informed that he was the target of the investigation. *Id.* Accordingly, the Fifth Circuit held that "[t]hough the *Miranda* warning was given, [defendant] indeed '"misunderstood the consequences of speaking freely to the law enforcement officials."'" *Id.* (quoting *Colorado v. Spring*, 479 U.S. 564, 575, 107 S.Ct. 851, 858, 93 L.Ed.2d 954 (1987)). The Court went on to hold that defendant's "statement was not 'voluntary' for purposes of the Fifth Amendment. [Defendant] did not know that he was a suspect, and the federal agents in no way revealed to him that he rather than [the third party] was the target of their investigation. Under the totality of the circumstances, [defendant's] waiver of his Fifth Amendment rights was not made with a full awareness of the consequences of the decision to abandon his rights or with the requisite level of comprehension." *Id.*

10. The similarities between *Rogers* and the instant case are patently obvious. Both the *Rogers* defendant and Mr. Rice were being interviewed under the auspices of an investigation into other persons' allegedly wrongful acts, while, in fact, being investigated for their own alleged wrongdoing. Despite this, neither the *Rogers* defendant nor Mr. Rice were ever informed by federal officers of the fact that they were the target and under investigation prior to making

5

their alleged statements. The Fifth Circuit held that under such circumstances any statements made are not voluntary and are, therefore, subject to suppression and inadmissible. In fact, the instant case is more egregious than *Rogers*, in that the *Rogers* defendant was actually given a *Miranda* warning, which the Fifth Circuit held did not cure the involuntary nature of the statement. Mr. Rice was given no such warning. To the contrary, the FBI interviewed Mr. Rice while knowing that he was a target of the investigation and, in one instant, in possession of a target letter detailing such fact and repeatedly advising him to secure an attorney. Based on the foregoing, and pursuant to the Fifth Circuit's holding in *Rogers*, Mr. Rice respectfully submits that any of his alleged statements provided on September 7, 2011, and September 14, 2012, must be considered involuntary under the Fifth Amendment and, therefore, subject to suppression.

11. Accordingly, Mr. Rice respectfully requests that the alleged statements that he provided on September 7, 2011, and September 14, 2012, be suppressed and ruled inadmissible during trial of this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant Robert Henry Rice moves this Honorable Court to grant this Motion for Suppression of Statements and order that the alleged statements Mr. Rice provide on September 7, 2011, and September 14, 2012, be suppressed and ruled inadmissible during trial of this matter.

Respectfully submitted, this the 8th day of December, 2014.

                McCraney, Coco & Lee, PLLC

                <u>/s/ Lawrence M. Coco, III</u>
                Lawrence M. Coco, III (MSB#100378)

                On behalf of Robert Henry Rice

OF COUNSEL

Lawrence M. Coco, III
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone: 601.899.0065
Facsimile: 866.733.2008
Email: lawrence@mclpllc.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Coco, III do hereby certify that I have this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 8th day of December, 2014.

/s/ Lawrence M. Coco, III
_____
Lawrence M. Coco, III